UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| OLYMPIA AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.     4:26-cv-00686 |
| v. | ) | |
| | ) | |
| UNITED STATES SMALL BUSINESS | ) | |
| ADMINISTRATION, | ) | |
| Serve: 1222 Spruce St., Ste 10.103 | ) | |
| St Louis, MO 63103 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| LISA HUDSON, in her official capacity as | ) | |
| Hearing Officer for the Small Business | ) | |
| Administration, | ) | |
| Serve: 1222 Spruce St., Ste 10.103 | ) | |
| St Louis, MO 63103 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION

COMES NOW Plaintiff Olympia Ammons, by and through the undersigned counsel, and for her Complaint for Declaratory Relief and Review of Agency Action under 5 U.S.C. § 701, *et seq.* states as follows:

1.      Plaintiff brings this action challenging a final agency action of the Small Business Administration regarding Administrative Wage Garnishment (AWG) issued on March 2, 2026, as defined by 5 U.S.C. § 551(13).

2.      Plaintiff is an individual and resident of Saint Louis County, State of Missouri.

3.      Defendant United States Small Business Administration (SBA) is an agency of the United States as defined by the Administrative Procedure Act 5 U.S.C. § 701(b).

1

4.      Lisa Hudson is an individual and an officer of the SBA with the role of Hearing Officer and the person who signed the AWG on March 2, 2026.

5.      This is an action against an agency and officer of the United States arising under the Administrative Procedure Act, 5 U.S.C. § 701-706. Original jurisdiction over this matter is vested in this Court under 28 U.S.C. § 1331.

6.      Venue is proper in the Eastern District Court of Missouri because the SBA has an office in Saint Louis, Missouri, and regularly transacts business in Saint Louis, Missouri.

## STATEMENT OF FACTS

7.      On or about January 11, 2022, Plaintiff received notice from the Small Business Administration of an Intent to Initiate Administrative Wage Garnishment Proceedings for a loan agreement dated December 20, 2004.

8.      Approximately four (4) years passed after that notice before Plaintiff received a notice of hearing to occur in March of 2026.

9.      On or about February 11, 2026, Plaintiff filed a request for a new hearing date as she sought counsel to represent her.

10.     Plaintiff initiated an investigation into the Wage Garnishment Proceedings claim to understand how her name came to be on documents from more than 20 years prior.

11.     Plaintiff sought subpoenas from the Small Business Administration Hearing Officer, Defendant Lisa Hudson, but was told those needed to come from the Treasury.

12.     Plaintiff sought subpoenas from the Treasury but was told those needed to come from the Hearing Officer.

13.     After being unable to obtain subpoenas to obtain necessary information for the Hearing Officer, Plaintiff contacted the Hearing Officer to inquire about her request for a new

hearing date. Defendant Hudson informed Plaintiff's counsel that a hearing had already been held "by paper" and a decision had been rendered.

14.     On or about March 13, 2026, Plaintiff received notice that Defendant Hudson determined the debt from December 20, 2004, was valid in the amount of $134,697.97, and ordered garnishment of Plaintiff's wages.

### Count I – Violations of 5 USC § 706(2)

15.     Plaintiff incorporates by reference all proceeding paragraphs.

16.     Defendants' refusal to issue subpoenas to allow Plaintiff to meaningfully defend herself, was arbitrary and capricious, was not otherwise in accordance with law, and was done without observance of procedure required by law.

17.     Defendants' refusal to continue the hearing denied Plaintiff an opportunity to meaningfully defend herself, was arbitrary and capricious, was not otherwise in accordance with the law, and was done without observance of procedure required by law.

18.     Defendants' decision to order garnishment of Plaintiff's wages was arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law.

19.     Defendants' decision to order garnishment of Plaintiff's wages was done without observance of procedure required by law.

20.     Defendants' decision to order garnishment of Plaintiff's wages was contrary to Plaintiff's constitutional rights and privileges.

21.     Defendants' decision to order garnishment of Plaintiff's wages was unsupported by substantial evidence.

WHEREFORE, Plaintiff respectfully requests that this Court find in favor of Plaintiff and against Defendants and enter an order that the Administrative Wage Garnishment from March 2,

2026 be unlawful, award Plaintiff reasonable attorney fees and costs, and for any other relief this

Court deems just and proper.

Respectfully submitted,

*/s/ Daniel J. Bruntrager*

Daniel J. Bruntrager #34546
Peter O. Bruntrager #67974
168 N. Meramec Ave., Ste. 400
Clayton, MO 63105
Phone: (314) 646-0066
Fax: (314) 646-0065
djb@law-stl.com
pob@law-stl.com

4